Cecil A. BATES, Petitioner–Appellant,

v.

Cecil K. DAVIS, Respondent–Appellee.

No. 03–3434, 04–1644.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 2, 2004.*

Decided Nov. 5, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Cecil A. Bates, #890149, Michigan City, IN, pro se.

Steve Carter, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before BAUER, POSNER, and EASTERBROOK, Circuit Judges.

## ORDER

Indiana inmate Cecil Bates was sanctioned with a loss of 270 days' good-time credit based on two separate incidents involving urine tests for drugs. After exhausting his administrative appeals, Bates filed two petitions for a writ of habeas corpus under 28 U.S.C. § 2254, one for each incident, challenging the loss of good-time credits. The district court denied both petitions, and Bates appeals. We affirm.

The first incident occurred in April 2002 when Bates was asked to provide a urine sample for testing purposes. After drinking eight ounces of water, Bates refused to provide a urine sample and was subsequently charged with a disciplinary violation. At the Conduct Adjustment Board (CAB) hearing, Bates asserted that he had refused the test because there was no probable cause for testing him, African–American men had been singled out for the test, the test was not properly documented, and he was being harassed by being tested six times in forty-two days. The CAB found Bates guilty and sanctioned him with the loss of 90 days' good-time credit. Bates appealed to the superintendent and the Final Reviewing Authority, and each denied his appeal.

The second incident occurred in May 2002. After submitting to a urine test, which came back positive for marijuana, Bates was charged with the use of an unauthorized substance. The conduct report stated that on May 7 Bates had provided the specimen, it was sealed in front of him, and he initialed the sample. Bates and the collecting officer then signed the chain of custody form. On May 9, with the chain of custody intact, the lab received the specimen and tested it four days later. The lab report reflected the same specimen number that appeared on the chain of custody form and stated that the specimen tested positive for marijuana. The CAB found Bates guilty and sanctioned him to a loss of 180 days' good-time credit. He appealed to the superintendent and the Final Reviewing Authority, and they each denied his appeal.

Regarding the first incident, Bates's disobedience was not constitutionally protected. "Prisoners lack any reasonable expectation of privacy under the

Fourth Amendment." *Johnson v. Phelan,* 69 F.3d 144, 147 (7th Cir.1995) (citing *Hudson v. Palmer,* 468 U.S. 517, 530, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)). Prison officials are not required to have probable cause, *see Forbes v. Trigg,* 976 F.2d 308, 312–13 (7th Cir.1992), or even individualized suspicion, *see Green v. Berge,* 354 F.3d 675, 677 (7th Cir.2004), to conduct a drug test on an inmate. We routinely give "wide-ranging deference" to the prison and its interest in preserving internal order and discipline, *Bell v. Wolfish,* 441 U.S. 520, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

 In addition, the CAB had sufficient evidence to reject Bates's reasons for refusing the test. Bates's assertion that he was selected because he is African–American is not supported by the record; the record reflects that he was selected based on "cause." Furthermore, contrary to Bates's assertions, the record reflects only three tests within that period of time, two for cause and one random sample. Based on this evidence, the CAB concluded that he had established neither discrimination nor harassment. Therefore, "some evidence" supports the CAB's finding that Bates was not justified in refusing to provide a urine sample. *See Wolff v. McDonnell,* 418 U.S. 539, 564–66, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir.2003).

Regarding the second incident, the record supports the CAB's finding of guilt because the chain of custody for the urine specimen was intact. Bates and the collecting officer signed the specimen after it was sealed, and the toxicology report stated that there was a valid chain of custody.

The toxicology report constitutes some evidence of guilt, *see Webb v. Anderson,* 224 F.3d 649, 652–53 (7th Cir.2000), and Bates has failed to provide evidence that any break in the chain of custody occurred.

Bates's other arguments are procedurally defaulted because he failed to present these arguments at each step of the administrative appeal. *See Moffat v. Broyles,* 288 F.3d 978, 981–82 (7th Cir. 2002). And he has not established cause and prejudice to excuse the procedural default. *See Murray v. Carrier,* 477 U.S. 478, 489, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

AFFIRMED.